

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA MARTINEZ,<br><br>                                    Petitioner,<br><br>v.<br><br>JEREMY CASEY; GREGORY J. ACHAMBEAULT; KRISTI NOEM; and PAM BONDI,<br><br>                                    Respondent. | Case No.: 26-cv-2531-JES-SBC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Norma Martinez's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner alleges that she initially entered the United States in 1996, has resided here for 30 years, and was detained on April 8, 2026 while during a routine traffic stop. *Id.* ¶¶ 10, 23. She was then placed into removal proceedings and is currently detained at the Imperial County detention facility. *Id.* ¶ 24.

Pursuant to the Court's OSC order, Respondent filed a return. ECF No. 4. In the return, Respondent acknowledges that prior orders from this district have directed bond hearings in similar cases and that Respondent does not oppose a bond hearing. Petitioner then filed a traverse. ECF No. 5. In her traverse, she argues that the appropriate relief here is not a bond hearing, but rather to be granted release based on the government's erroneous

1

26-cv-2531-JES-SBC

detention under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226 for noncitizens similarly situated to Petitioner.

The Court acknowledges that there are district courts within this circuit that have granted release based on similar factual scenarios. *See, e.g, Lepe v. Andrews*, No. 1:25-cv-01163, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Elias v. Knight*, No. 1:25-CV-00594-BLW, 2025 WL 3228262, at *9 (D. Idaho Nov. 19, 2025). However, the weight of the authority within this district is to find that a bond hearing is the more appropriate remedy in light of the harm. *See, e.g., Garcia v. Noem*, 803 F. Supp. 3d 1064, 1077–78 (S.D. Cal. 2025) (granting bond hearing where petitioner was erroneously categorized as § 1225 detainee rather than § 1226 detainee); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. 2025) (same); *E.C. v. Noem*, No. 2:25-CV-01789-RFB-BNW, 2025 WL 2916264, at *12 (D. Nev. Oct. 14, 2025) (same); *Barrios Osorio v. Bondi*, No. 2:26-CV-00317-JNW, 2026 WL 607765, at *3–4 (W.D. Wash. Mar. 4, 2026) (same); *Benitez v. Larose et al.*, No. 26CV2126-LL-BJW, 2026 WL 1162759, at *1 (S.D. Cal. Apr. 29, 2026) (same); *Alejandri-Rodriguez v. LaRose*, No. 3:26-CV-00963-RBM-DEB, 2026 WL 526747, at *1 (S.D. Cal. Feb. 25, 2026) (same). Indeed, this Court has reached the same conclusion in its prior cases with similarly situated petitioners that a bond hearing is an appropriate remedy. *See, e.g., Simon v. Larose*, No. 3:25-CV-3587-JES-VET, 2026 WL 49454, at *2 (S.D. Cal. Jan. 7, 2026); *Benitez v. Noem*, No. 25-CV-3298-JES-DEB, 2025 WL 3560575, at *3 (S.D. Cal. Dec. 12, 2025); *Aquino-Hernandez v. Noem*, No. 3:26-CV-1147-JES-VET, 2026 WL 586469, at *1 (S.D. Cal. Mar. 2, 2026).

Accordingly, the Court **GRANTS** the petition, and **ORDERS** as follows:

(1)     The Court **ORDERS** Respondents to provide Petitioner with a bond determination hearing under 8 U.S.C. § 1226(a) within **ten days** of this Order. At the hearing, Respondents must provide Petitioner with a constitutionally adequate and individualized bond hearing, where the IJ **may not** deny the bond based on a finding of lack of jurisdiction; and

26-cv-2531-JES-SBC

(2)   Respondents are **ORDERED** to File a Notice of Compliance within **five days** of providing Petitioner with a bond determination hearing, including apprising the Court of the results of the hearing and providing a copy of the bond order.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: May 1, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

26-cv-2531-JES-SBC